UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cr-00188-FDW-DSC

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| vs. | ) |  |
|  | ) | ORDER |
| RAFAS GENE CAMP, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

THIS MATTER is before the Court on a letter from Defendant, which the Court construes as a motion seeking a reduction in the sentence imposed for his supervised release violation. (Doc. No. 1272). For the reasons that follow, the Court DENIES the motion.

The standard for reviewing Defendant's motion has been summarized by the Fourth Circuit:

> A sentencing court may not, as a general matter, "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But Congress has provided a few exceptions, including by giving district courts discretionary authority to reduce a sentence when the court finds that "extraordinary and compelling reasons warrant" the reduction — what is commonly known as the compassionate-release exception. Id. § 3582(c)(1)(A)(i). Specifically, as revised by the First Step Act of 2018, the compassionate-release provision states that, upon receiving a motion filed by either the BOP or the defendant, the court "*may* reduce the term of imprisonment . . . [1] *after considering* the factors set forth in section 3553(a) to the extent that they are applicable, [2] *if it finds* that ... extraordinary and compelling reasons warrant such a reduction ... and [3] [if it finds] that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. (emphasis added). As we have recognized, however, "there currently exists no 'applicable policy statement[]' " that governs a *defendant's* motion for compassionate release, as distinct from a motion filed by the BOP on an inmate's behalf. United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020). Nonetheless, U.S.S.G. § 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

1

> "Thus, as it currently stands, a court *may* find a defendant who filed a motion [for compassionate release] eligible for a sentence reduction after finding only that such a reduction is warranted by extraordinary and compelling reasons." United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (emphasis added). But then "it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)).

United States v. Hargrove, 30 F.4th 189, 194–95 (4th Cir. 2022) (alterations in original). Before the court may consider a motion under 18 U.S.C. § 3582(c)(1)(A)(i), the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must have been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

Defendant is currently serving an eight-month term of imprisonment based on his admission to five separate violations of his supervised release. (Doc. No. 1267). It is unclear from the record whether Defendant has first exhausted his administrative remedies with the Bureau of Prisons; however, the Government has not responded to the instant motion or invoked the exhaustion of administrative remedies requirement.[1] Accordingly, the Court addresses the motion on the merits.

Defendant seeks a reduction in this sentence for two reasons: 1) the state court charges underlying the new law violations, which formed part of the basis for his supervised release

---

[1] The Fourth Circuit has explained that defendants may satisfy this exhaustion requirement by "wait[ing] 30 days from the date of their initial request to file a motion in the district court," even if the warden has already responded to their request. United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021) (collecting cases; alterations in original). The court further clarified that the exhaustion requirement "is a non-jurisdictional claim-processing rule," and therefore "may be waived or forfeited." Id. at 130. In other words, the Fourth Circuit has explained the district court cannot sua sponte raise the issue as a basis for dismissal. Id. (holding "The district court therefore erred by sua sponte dismissing the motion based on the threshold requirement, even assuming Appellant had not completed the prerequisites to suit").

violations, have been dismissed by the state court; and 2) Defendant formed two companies that are experiencing delays in product releases because he is the "brains behind the operation." (Doc. No. 1272).

Defendant, however, fails to articulate why these reasons—considered alone or together—demonstrate extraordinary and compelling reasons to reduce a sentence imposed only a few months ago on January 25, 2022. The dismissal of the state charges is not extraordinary or compelling, particularly where those charges only formed the basis for two of the five violations. And, while the Court commends Defendant for the creation of his businesses while incarcerated, his argument that he must now be released in order to operate those businesses is disingenuous and unavailing here. Defendant has not presented sufficient argument or evidence to demonstrate he is eligible for a sentence reduction because of extraordinary and compelling reasons.

Even if Defendant could make this showing, the balancing of the § 3553(a) factors counsel against any reduction in Defendant's sentence here. See Hargrove, 30 F.4th at 199 (acknowledging district courts can consider § 3553(a) factors in considering reduction of sentence imposed for supervised release violation (citing Dillon v. United States, 560 U.S. 817, 825–26 (2010) (recognizing the difference between imposing a sentence, on the one hand, and reducing a sentence under 18 U.S.C. § 3582(c)(2), on the other, despite the fact that both require consideration of the § 3553(a) factors)). Indeed, granting Defendant's motion and authorizing his release would not, as § 3553(a)(2) requires, "reflect the seriousness of the offense," "promote respect for the law," "afford adequate deterrence," and "protect the public." Within four months after being released from imprisonment and while on supervised release, Defendant committed multiple violations from April 2021 to October 2021. Defendant's violations despite his first prison stint of 106

months demonstrated his lack of respect for the law and showed that his first prison sentence did not deter him from continuing to commit crimes. The sentence originally imposed by the Court three months ago provides just punishment for his offenses.

    IT IS THEREFORE ORDERED that Defendant's Motion for Reduction in Sentence (Doc. No. 1272) is DENIED.

    IT IS SO ORDERED.

Signed: May 12, 2022

*Frank D. Whitney*
United States District Judge